Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com
*Attorneys for Plaintiff, Robert M. Mercedes*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT M. MERCEDES, *on behalf of himself and those similarly situated,*  Plaintiff,  vs.  HUNTER WARFIELD, INC.; STEPHEN W. SOBOTA; TODD WAHL; JAMES NEELY; JEFFREY GARTLAND; and JOHN DOES 1 to 10,  Defendants. | Civil Action No.  **CLASS ACTION COMPLAINT** |

Plaintiff, Robert M. Mercedes, by way of this Class Action Complaint against Defendants, Hunter Warfield, Inc., Stephen W. Sobota; Todd Wahl; James Neely; Jeffrey Gartland; and John Does 1 to 10 states:

### I.  NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendants arising from Defendants' violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue in this action properly lies in the District of New Jersey as Defendants regularly do business in this district.

## III. PARTIES

4. Plaintiff, Robert M. Mercedes ("Plaintiff" or "Mercedes"), is a natural person residing in Bergen County.

5. Defendant, Hunter Warfield, Inc. ("HW"), is a collection agency with its principal place of address located at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

6. Defendant, Stephen W. Sobota ("Sobota"), is the president, founder, chief executive officer, and managing member of HW.

7. Defendant, Todd Wahl ("Wahl"), is the President and managing member of HW.

8. Defendant, James Neely ("Neely"), is the Vice President and managing member of HW.

9. Defendant, Jeffrey Gartland ("Gartland"), is the Vice President and managing member of HW.

10. Defendants John Does 1 to 10 are fictitious names of natural persons and/or business entities all of whom reside or are located within the United States whose true names are presently unknown to Plaintiff. Plaintiff will amend this Complaint with those Defendants' true names when they become known.

11. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.   FACTS

### A. Background

12. Defendants are not in the business of extending credit, selling goods or services to consumers.

13. Defendants regularly collect and attempt to collect defaulted consumer debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

14. The principal purpose of Defendants is the collection of debts.

15. Defendants use the mail, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

16. Defendants are regularly engaged in the debt collection business.

17. At all relevant times hereto, Sobota, as a principal owner, officer, director, managing partner and/or owner of HW, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of HW complained of herein.

18. At all relevant times hereto, Wahl, as a principal owner, officer, director, managing partner and/or owner of HW, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of HW complained of herein.

19. At all relevant times hereto, Neely, as a principal owner, officer, director, managing partner and/or owner of HW, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of HW complained of herein.

20. At all relevant times hereto, Gartland, as a principal owner, officer, director, managing partner and/or owner of HW, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of HW complained of herein.

21. At all times relevant hereto, John Does 1 to 10 personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, implemented, and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for the wrongdoing alleged in this Complaint.

22. Defendants asserted Plaintiff incurred or owed one or more financial obligations originating and which arose from one or more transaction which were primarily for Plaintiff's personal, family or household purposes. ("Debt" or "Account").

23. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

24. Plaintiff disputes the Debt.

25. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

26. Defendants contend that the Account was past-due and in default.

27. Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

28. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

29. At all times relevant hereto, Defendants acted in attempts to collect the Debt.

B. **Violations of the FDCPA**

30. In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff dated June 27, 2019 (the "Letter").

31. A true copy of the Letter sent by Defendants, but with redactions, is attached as ***Exhibit A***.

32. The Letter is the initial written communication.

33. Plaintiff received and reviewed the Letter.

34. The Letter incorrectly identifies the name of the current and original creditor as "AVALON AT WESMONT STATION."

35. Such entity does not exist; therefore, it cannot be the current or original creditor.

36. By failing to identify the current creditor, the collection letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed and if they are legitimate.

37. Defendants' failure to identify the creditor is false, deceptive, and misleading, which is in violation of the FDCPA.

38. Section 1692g(a) of the FDCPA requires a debt collector to convey to the consumer important statutory rights ("Validation Notice").

39. The Validation Notice is an important statutory right which must be sufficiently prominent and be readily noticed. It cannot be overshadowed by its placements, other languages or notice in the letter.

40. However, the Validation Notice was not prominently placed as it was on the back of the letter.

41. Furthermore, the Letter falsely threatens to report the Account to Equifax, TransUnion LLC, and Experian. This is false because, upon information and belief, Defendant never intended to report to the credit reporting agencies.

42. Also, threatening to "adversely affect your credit" by reporting to the credit reporting agencies, Defendants overshadowed the important statutory rights under the Validation Notice.

43. Therefore, the collection letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

44. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, 1692g(a)(2), and 1692g(b).

45. Defendants used the same procedures that they employed in sending the collection letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V. CLASS ACTION ALLEGATIONS

46. It is HW's policy and practice to mail written collection communications, in the form exemplified in *Exhibit A*, in an attempt to collect defaulted consumer debts.

47. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48. Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of Class initially defined as follows:

> **All natural persons to whom an initial written communication or a letter in the same or similar form as Exhibit A from Hunter Warfield was mailed to a New Jersey address from June 26, 2019, through and including the final resolution of this case.**

49. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the Letter.

50. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

51. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

52. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

      a.      Whether Defendants are debt collectors under the FDCPA;

      b.      Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, 1692g(a)(2), and 1692g(b); and

      c.      Whether Plaintiff and the class are entitled to damages.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

54.     The claims of the Plaintiff are typical of the claims of the members of the class.

55.     The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

56.     Plaintiff does not have interests antagonistic to those of the class.

57.     The class, of which Plaintiff is a member, is readily identifiable.

58.     Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

59.     The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members

of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

60. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. FIRST COUNT: VIOLATIONS OF THE FDCPA

61. The allegations contained in the preceding paragraphs are incorporated herein and are reasserted as if repeated at length.

62. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

63. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

64. Each of the John Does 1 to 10 is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

65. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

66. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

67. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

68. Defendants' mailing of the Letter to Plaintiff in an attempt to collect the Debt violated the Fair Debt Collection Practices Act (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10)), 1692f, and 1692g (including subsections 1692g(a)(2) and 1692g(b)).

69. Based on any one or more of those violations, Defendants are liable to Plaintiff and the Class for an amount of money as allowed under 15 U.S.C. § 1692k including, but not limited to, damages, costs, and reasonable attorneys' fees.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Robert M. Mercedes demands judgment against Defendants, Hunter Warfield, Inc., Stephen W. Sobota; Todd Wahl; James Neely; Jeffrey Gartland; and John Does 1 through 10, jointly and severally, as follows:

A.  For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.  An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorneys' fees and costs causes Plaintiff or the Class a negative tax consequence;

C.  For statutory damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

D.  For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.  For pre-judgment and post-judgment interest; and

F.  For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                             KIM LAW FIRM LLC

                                                             *s/Yongmoon Kim*
                                                             Yongmoon Kim
                                                             *Attorneys for Plaintiff*

Dated: June 26, 2020